FILED
NOV 30 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUC QUOC BUI, A74485194<br>Petitioner<br>vs.<br>LORETTA E. LYNCH, Attorney General;<br>Respondent | No. 1:15:-cv-01589-mjs<br><br>TRAVERSE TO RESPONDENT'S ANSWER TO HABEAS CORPUS PURSUANT TO 28 U.S.C. §2248 |

## INTRODUCTION

Petitioner, proceeding in Pro Se, seeks habeas relief under 28 U.S.C. § 2241 from his prolonged detention by the Immigration and Custom Enforcement (ICE)[1]. The habeas petition should be granted on grounds that: (1) Petitioner have demonstrated good reasons to believe that his removal is not likely to occur in the reasonably foreseeable future, (2) Respondent failed to provide sufficient evidence to rebut otherwise to justify Petitioner's prolonged confinement, and (3) this court should exercise its discretion to waive exhaustion of administrative remedy because irreparable injury of prolonged detention has already occurred and further administrative appeal would be futile.

## LIBERAL CONSTRUCTION

Petitioner respectfully ask the court to construe his traverse broadly in light of his pro se status. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (allegations of a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers)

## ADMINISTRATIVE SUMMARY

Petitioner is a native of Vietnam whose order of removal was finalize on October 1, 2014. (Pet.

---

[1] The term "ICE" and "Respondent" shall be use interchangeably.

TRAVERSE TO RESPONDENT'S ANSWER                                                                1

Exhibit "A" Order of Immigration Judge). Petitioner waived his rights to appeal the order of removal[2] and only wished to be deported as soon as plausible. (Attachment "A" Declaration of DUC QUC BUI ¶ 4). Petitioner has since been in detention, a removal period of more than 14 months per 8 U.S.C. § 1231(a).

On October 9, 2014, Petitioner was instructed to comply with the removal process. (Pet. Exhibit "A" Instruction Sheet To Detainee Regarding Requirement To Assist In Removal) In response, Petitioner provided truthful information concerning his place of birth, citizenship, passport number, and resources in Vietnam[3]. (Pet. "A" Self-Declaration Form) Petitioner's passport was also forwarded to ICE within that same month. (Id. ¶ 7) Petitioner also attempted to contact the Embassy of Vietnam, through phone calls and correspondence, to obtain his travel documents. (Id. ¶ 10))

On January 22, 2015, ICE conducted the (90 days)[4] custody review and continued Petitioner's detention stating that it was "actively pursuing" travel documents from the Consulate of Vietnam and that he "posed a danger to the community". (Pet. Exhibit "A" Decision to Continue Detention dated 1/22/2015) On April 13, 2015, ICE conducted the (180 days)[5] custody review and again denied Petitioner parole stating that it was "working with the government of Vietnam to secure a travel document for [Petitioner's] removal" and that it was "expected". (Pet. Exhibit "A" Decision to Continue Detention dated 4/13/2015)

During this period, on February 4, 2015 and May 12, 2015, Petitioner received two responses from Mr. Nguyen Tran (Head of the Consular Office) of Vietnam stating that "no travel document will be issued by the Embassy at the request of this deportation". (Pet. Exhibit "B" Letters dated February 4,

---

2 See 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . .") 8 U.S.C. § 1252(d) does not apply to Petitioner's case.
3 Petitioner filled out two Self Declaration forms in October 2014 and the second in January 30, 2015. (Attachment "A" Declaration of DUC QUC BUI ¶ 6)
4 See 8 CFR § 241.4 (c)(1).
5 See 8 CFR § 241.4(k)(2)(ii)

2015 and May 12, 2015) On July 8, 2015, Petitioner again attempted to obtain his travel documents by contacting the Embassy of Vietnam without any success. (Pet. Exhibit "B" Letter dated July 8, 2015)

At this point, the "6 months of [p]resumptively reasonable period of detention" to effectuate his removal have expired on March 29, 2015. Zadvydas v. Davis, 533 US 678, 701 (2001). Petitioner received no indications from ICE concerning the status of his travel documents at this point. On April 20, 2015, Petitioner sought habeas relief from his unlawful detention. 1:5-cv-636 JLT. Two weeks later, Petitioner was given a Rodriguez bond hearing which was summarily denied on May 5, 2015. Petitioner did not appeal the order[6], because he did not know it was required for exhausting administrative remedies and he was afraid that, in the event travel documents were available, it would have delayed his deportation if he had to spend time withdrawing the appeal. (Attachment "A" declaration of DUC QUOC BUI ¶ 13-16). Even though the merits of the bond denial was not an original claim for relief before the court, it nonetheless procedurally barred Petitioner's request for habeas relief on August 3, 2015. The court did not "dismiss the petition without prejudice" nor "stayed the proceedings" to allow Petitioner the opportunity to properly exhaust the administrative remedies available to him. Leonardo v. Crawford, 646 F3d 1157, 1160 (9th Cir. 2011)(" When a [p]etitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused.")

On September 19, 2015 and October 2, 2015, Petitioner made final attempts requesting release to regional ICE officials and to HQPORU[7] respectively to no avail. ICE denied the request stating that Petitioner's "travel document is pending issuance from Vietnam. [Petitioner] will remain in custody, pending issuance." (Pet. Exhibit "B" Detainee Contact With ICE Officer/Agent Request Form; Pet.

---

[6] At the time of the present habeas petition filing, the 30 day period to appeal the IJ's bond hearing decision expired on June 4, 2015. See 8 C.F.R. § 1003.38(b).
[7] Headquarter Post Order Review Unit ( HQPORU) is located in Washington, DC and makes final custody determination.

Exhibit "B" Letter to HQPOCRU dated October 2, 2015)

Base on Petitioner's circumstances and his (14 months) length of detention, Petitioner urges this court to exercise its discretion to waive the requirements of exhausting administrative remedy claim by Respondent. This court should decide Petitioner's case on the merits because he has provided good reasons that there is no "significant likelihood of removal in the reasonably foreseeable future". Zadvydas v. Davis, supra at 701. Further, Respondent have failed to meet its burden of providing sufficient evidence to rebut otherwise. Id. Petitioner's detention; therefore, is no longer authorize by statute and he should be release on supervision. 8 CFR § 241.5; 8 U.S.C § 1231(a)(3)(A)-(D)[8].

## A.
## COURT SHOULD WAIVE REQUIREMENTS OF EXHAUSTING ADMNISTRATIVE REMEDY AND DECIDE THE MERITS OF THIS CASE

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004) (citing Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir.2001). Exhaustion is required only when Congress specifically mandates it. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Petitioner's detention pursuant to 8 U.S.C. § 1231(a)(6) has no exhaustion requirement. Nonetheless, the courts may impose prudential exhaustion if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003))

---

8 See 8 U.S.C § 1231(a)(3 The regulations shall include provisions requiring the alien--
(A) to appear before an immigration officer periodically for identification;
(B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government;
(C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and
(D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien.

Petitioner respectfully pleads the court to waive the requirements of exhausting administrative remedy concerning the May 5, 2015 bond hearing. With respect to the Puga factors, Petitioner incorporates by reference the paragraphs under "ADMINISTRATIVE SUMMARY" in support herein.

First, the development of an administrative record have already established that: 1) Petitioner's cooperation with ICE in attempts to obtain his travel documents[9], 2) Petitioner's 6 months of "reasonable period of removal" confinement expired on April 1, 2015[10], 3) Respondent have already denied Petition release on supervision on three occasions based no more on his past conviction or that the travel documents were "pending" or "expected"[11] and 4) During the 13 months of Petitioner's detention since the order of removal became final, Respondent has yet to present any concrete evidence that his travel documents will be available from the Vietnamese government in the foreseeable future.

Second, Petitioner did not bypass administrative scheme because he did not appeal the IJ's May 5, 2015 bond hearing determination which is reviewable by the BIA. See Leonardo v. Crawford, 646 F3d 1157, 1160 (9th Cir. 1992)("Leonardo pursued [h]abeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision"). Petitioner raised his claims against prolonged detention via a request for release to Headquarter Post Order Review Unit ( HQPORU) located in Washington, DC under 8 C.F.R. § 241.13(d) (See Pet. Exhibit "B" Letter to HQPORU dated October 2, 2015). Petitioner did not receive a response. Administrative custody determinations by ICE are not reviewable by the BIA. See 8 CFR §

---

[9] See Pet. Exhibits" A" SELF DECLARATION FORM, providing names and addresses of relatives in Vietnam in which Petitioner will live with upon being removed; Pet. Exhibits "B" JULY 8, 2015 LETTER TO VIETNAM EMBASSY requesting for Petitioner's travel documents; See also Pet. Exhibit "B" FEBRUARY 4, 2015 and MAY 12, 2015 responses from the Consulate Office of Vietnam)

[10] Petitioner has been detain for over 13 months since the IJ's final order of removal on October 1, 2014. (Pet. Exhibit "A" ORDER OF IMMIGRATION JUDGE)

[11] See Pet. Exhibit "A" DECISION TO CONTINUE DETENTION dated January 22, 2015 and April 13, 2015 and Pet. Exhibit "B" DETAINEE CONTACT WITH ICE OFFICE/AGENT REQUEST FORM dated September 22, 2015.

241.4(d) ("Notwithstanding [a]ny other provisions of this section, there is no appeal from the district director's or the Executive Associate Commissioner's decision.") (emphasis added)

Third, further administrative review here will not preclude the need for judicial review because Petitioner is challenging the continuous cycle of administrative review that lacks "sufficient" evidence that there is a "significant likelihood of removal in the reasonably foreseeable future". Zadvydas v. Davis, supra at 701. Respondent offers no specific information regarding how or when it expects to obtain the necessary documentation or cooperation from the Vietnamese government.[12] After 6 months, the Government bears the burden of disproving an alien's "good reason to believe that there is no significant likelihood of removal I the reasonable foreseeable future." Id. See Cooper v. Oklahoma, 517 U.S. 348, 363 (1996) ("due process places a heightened burden of proof on the State in civil proceedings in which the 'individual interests at stake . . . are both particularly important and more substantial than mere loss of money.")

Even if these factors weigh in favor of prudential exhaustion, waiver of exhaustion is appropriate "where administrative remedies are inadequate or not efficacious, *pursuit of administrative remedies would be a futile gesture, irreparable injury will result*, or the administrative proceedings would be void." Laing v. Ashcroft, supra at 1000 (quoting S.E.C. v. G.C. George Sec., Inc., 637 F.2d 685, 688 (9th Cir. 1981) (emphasis added).

Pursuing administrative remedies would be futile because Petitioner is precluded from appealing any custody determinations by ICE officials. 8 CFR § 241.4(d). Waiver of exhaustion here is appropriate

---

12 See Shefqet v Ashcroft, No. 02C7737, 2003 WL1964290, *5 (N.D. Ill. Apr 28, 2003) (INS failed to carry burden of proof where no travel documents had been issued, Yugoslavian alien had been detained for 17 months, and INS had been able to remove other aliens to Yugoslavia during that period); Okwilagwe v. INS, No. 3-01-CV-1416-BD, 2002 WL356758, *2-3 (N.D. Tex. Mar. 1, 2002)(INS failed to sustain its burden of showing alien's removal to Nigeria would occur in the reasonably foreseeable future where alien detained for 11 months, travel documents not issued and no certainty as to when they might be issued); see also Serets-khama v Ashcroft, 215 F. Supp. 2D 37, 53 (D.D.C. 2002) (finding that Respondents failed to meet their burden of proof under Zadvydas where they "have not demonstrated to this Court that any travel documents are in hand, nor have they provided any evidence, or even assurances from the Liberian government, that travel documents will be issued in a matter of days or weeks or even months").

also because Petitioner's length of detention has already exceeded the presumptively reasonable period of detention of 6 months. Zadvydas v. Davis, supra at 701. It is not a matter of whether irreparable injury will occur but rather the irreparable injury has already occurred – Petitioner's prolonged detention. Diouf v. Napolitano, 634 F3d 1081, 1091 (9th Cir 2011) ("when the 180-day review takes place, the alien has been [d]etained for approximately six months and the review, if unfavorable to the alien, authorizes detention for an additional year. At this point, the alien's continuing detention becomes prolonged.")

Given Petitioner's circumstances and that he has already been detained for 14 months, Petitioner urges that the court waives any requirements of exhausting administrative remedy claims by the Respondent. See McCarthy v. Madigan, supra at 142 (Even though an agency normally is given the opportunity to correct its own mistakes, in some circumstances, such as when the interest of the individual in retaining prompt judicial review outweighs the interest of the agency in reviewing its own actions, administrative exhaustion may not be required.)

## B.
## RESPONDENT FAILS TO PROVIDE SUFFICIENT EVIDENCE THAT THERE IS A SIGNIFICANT LIKELIHOOD OF REMOVAL IN THE REASONABLY FORESEEABLE FUTURE

The Supreme Court has affirmed the principle that "due process places a heightened burden of proof on the State in civil proceedings in which the individual interests at stake . . . are both particularly important and more substantial than mere loss of money." Cooper v. Oklahoma, supra at 363. The "interests at stake" here is Petitioner's "freedom from prolonged detention". Singh v. Holder, 638 F3d 1196, 1203-1204 (9th Cir. 2011). The Singh court emphasized that "[d]eprivation of liberty is so significant, [that] a clear and convincing evidence standard of proof provides the appropriate level of procedural protection." Id. referencing Addington v. Texas, 441 U.S. 418, 427, 99 S. Ct. 1804, 60 L. Ed. 2d 323 (1979); see also Tijani v. Willis, 430 F.3d 1241, 1244 (9th Cir. 2005) (explaining that, under

Addington, the primary function of a standard of proof is to properly "allocate the risk of an erroneous decision among litigants based upon the competing rights and interests involved")

With the Constitutional demands and liberty interest involved, the Zadvydas court declared that the "basic purpose" of immigration detention under 8 U.S.C. § 1231(a) is "assuring the alien's presence at removal" and the reasonable confinement period to effectuate that removal was 6 months. Zadvydas v. Davis, supra at 699, 701. After the 6 month period, "onc[e] the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. Thus, if there is no sufficient evidence that removal is reasonably foreseeable then "continued detention is no longer authorized by statute." Id.

Petitioner incorporates by reference the facts and exhibits from the "ADMINISTRATIVE SUMMARY" in support of his believe that there is no significant likelihood that removal is "reasonably foreseeable future". Id. Although the Zadvydas court did not delineate the boundaries of evidentiary sufficiency, it suggested that an inversely proportional relationship is at play "the longer an alien is detained, the less he must put forward to obtain relief." Alexander v. Decker, 495 Fed Appx 274, 277 (3rd Cir. 2012) (emphasis added) referencing Zadvydas v. Davis, supra at 701 ("as the period of prior post-removal confinement grows, what counts as the reasonably foreseeable future" conversely would have to shrink") See also Ahmed v. Brott 2015 US Dist LEXIS 45346 (D.C. Minn., March 17, 2015) ("The longer the alien's post-removal detention, [t]he easier it is for him to satisfy his initial burden (and the harder it is for the government to rebut that showing) because "what counts as the 'reasonably foreseeable future'" shrinks as the "period of prior post removal confinement grows.") (emphasis added)

During the 6 month removal period, from October 1, 2014 to March 29, 2015, Petitioner have been fully cooperative with ICE by providing truthful information (passport, place of birth, citizenship, relatives in Vietnam, etc.) to help secure his travel documents. Contrary to Boroky v. Holder, 2014 US

Dist LEXIS 167612 (N.D. TX., October 27, 2014) (Iraqi Embassy...will not issue travel documents until two original Iraqi identification documents are produced, [Boroky] has not been forthright about the missing documentation).

Petitioner had also took the initiative to contact the Vietnamese Embassy on several occasions to obtain his travel documents. Mr. Nguyen Tran (Head of the Consular Office for Vietnam) responded on February 4, 2015 and May 12, 2015, stating that "no travel document will be issued by the Embassy at the request of this deportation". These responses are before this court as Pet. Exhibit "B" Letter dated February 4, 2015 and May 12, 2015. The record reflects that the Consulate of Vietnam were unwilling to issue the travel documents. See Hunt v. Holder, 2015 US Dist LEXIS 24127 (W.D.N.Y., February 25, 2015) ("there is nothing in the record before the court to indicate that Panamanian authorities are inclined to deny the request.") Mr. Tran's responses are indications by the Consulate of Vietnam to decline Petitioner's request. In July of 2015, Petitioner's further efforts to obtain travel documents from the Consulate of Vietnam was unsuccessful.

Courts have found no significant likelihood of removal in five types of cases: (1) where the detainee is stateless and no country will accept him; (2) where the detainee's country of origin refuses to issue a travel document; (3) where there is no repatriation agreement between the detainee's native country and the United States; (4) where political conditions in the country of origin render removal virtually impossible; and (5) where a foreign country's delay in issuing travel documents is so extraordinarily long that the delay itself warrants an inference that the documents will likely never issue. Ahmed v. Brott 2015 US Dist LEXIS 45346 (D.C. Minn. March 17, 2015) See also Jaiteh v. Gonzales, No. 07-1727, 2008 U.S. Dist. LEXIS 115767, 2008 WL 2097592, at *3 (D. Minn., Apr. 28, 2008) ("Where a foreign country delays issuance of travel documents for an extraordinarily long period, it is possible to infer . . . that the documents will not issue at all, and thus that there is no significant

likelihood of removal.")

Petitioner's circumstances fall under category 2, for there to be no significant likelihood of removal in the foreseeable future, "there must be some indication that the government is either unwilling or, due to seemingly insurmountable barriers, incapable of executing an alien's removal." Ahmed v. Brott 2015 US Dist LEXIS 45346 (D.C. Minn., March 17, 2015) (emphasis added).

Respondent asserts that Petitioner's removal is anticipated via charter flight based on Officer Hernandez's declaration (Resp. Attach. "A" Declaration of ISRAEL HERNANDEZ ¶ 5). Officer Hernandez declares that Petitioner "has been tentatively scheduled for an upcoming charter removal flight to Vietnam pending issuance of the travel document for the government of Vietnam". Id. With respect to Officer Hernandez, the declaration is no more "convincing"[13] then the previous statements by ICE officials - concerning the progress of obtaining Petitioner's travel documents. On January 22, 2015, ICE stated that it's "actively pursuing" travel documents from the Consulate of Vietnam and then on April 13, 2015, it stated that it was "working with the government of Vietnam to secure a travel document for [Petitioner's] removal" and that it was "expected". (Pet. Exhibit "A" Decision to Continue Detention dated 1/22/2015 and 4/13/2015)

The 6 months of "[r]easonable period of detention" Id. to effectuate Petitioner's removal, expired on March 29, 2015. Eight months after the expiration of the "presumptively reasonable of detention" authorized by Zadvydas, ICE persisted that his "travel document is pending issuance from Vietnam. [Petitioner] will remain in custody pending issuance." (Pet. Exhibit "B" Detainee Contact with ICE Officer/Alien Request Form dated September 19, 2015). Petitioner's removal is not likely to occur in the "reasonably foreseeable future" which is at the present moment[14] when the only evidence of removal is

---

13 See Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (requiring clear and convincing evidence to justify civil commitment because "[f]reedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause")
14 See Islam vs. Kane, 2011 US Dist LEXIS 106896 (D.C. Ariz., August 30, 2011) (The period of Petitioner's post-removal-order detention is nearing twelve months, thus the "reasonably foreseeable future" must be near) referencing Shefqet v. Ashcroft, 2003 U.S. Dist. LEXIS 7075, 2003 WL 1964290, * 4 (N.D. Ill., April 28, 2003) (granting habeas relief when post-

parroted from previous statements that his travel documents are sill "pending". (Resp. Attach. "A" Declaration of ISRAEL HERNANDEZ ¶ 5)

See Islam vs. Kane, 2011 US Dist LEXIS 106896 (D.C. Ariz., August 30, 2011) (Deportation Officer's declaration stating "that a travel document request for [Islam] has been pending since September 2010 do not indicate that Petitioner's removal will be effected in the reasonably foreseeable future. DHS has not offered any specific evidence on the progress of its efforts to remove Petitioner.")

See Azad v. Interim Dist. Director, New York, 2009 U.S. Dist. LEXIS 73873, 2009 WL 2569132 (S.D.N.Y., August 19, 2009) (finding that ICE failed to rebut a showing by petitioner of a good reason to believe that there was no significant likelihood of removal in the reasonably foreseeable future, where ICE's contacts with local Consulate of Bangladesh resulted only in statements that Consulate was awaiting confirmation of information alien provided in travel document request.)

Sufficient time has passed for the ICE to obtain a travel document because Petitioner's order of removal was issued over 14 months ago. See Kacanic v. Elwood, 2002 U.S. Dist. LEXIS 21848, 2002 WL 31520362, at * 5 (E.D. Pa., November 8, 2002) (INS failure to make timely efforts to remove petitioner one factor in finding that petitioner's removal was not likely in the reasonably foreseeable future.)

Take into consideration of Petitioner's cooperation with ICE, Vietnamese Consulate's unwillingness to issue his travel documents, and his prolonged detention (14 months)[15], provides "good reason" for Petitioner to believe that after the expiration of the 6 month removal period, "there is not significant likelihood of removal in the foreseeable future". Zadvydas v. Davis, supra at 701; See Kacanic v. Elwood, supra at * 1 (passage of one year, coupled with inaction of foreign embassy and INS

---

removal-order detention exceeded 17 months)

15 See Hunt v. Holder, 2015 US Dist LEXIS 24127 (W.D.N.Y. February 25, 2015) (Several cases decided within this district have found a habeas "petitioner's assertion as to the unforeseeability of removal, supported only by the mere passage of time, is insufficient to meet the petitioner's initial burden to demonstrate no significant likelihood of removal under the Supreme Court's holding in Zadvydas")

admission that efforts to obtain travel documents have been "fruitless," suffices to meet alien's burden). Contrarily, Respondent fails to provide "sufficient" evidence before this court to rebut otherwise. Thus, if there is no sufficient evidence that removal is reasonably foreseeable then "continued detention is no longer authorized by statute." Id.

## CONCLUSION

The petition for writ of habeas corpus should granted. Petitioner have provided good reason to believe that there is not significant likelihood of removal in the foreseeable future. Petitioner should be release on supervision pursuant to 8 CFR § 241.5; 8 U.S.C § 1231(a)(3)(A)-(D).

**Date**: November 23, 2015

Respectfully Submitted,

DUC QUOC BUI, In Pro Se

# Attachment "A"
# Declaration of DUC QUOC BUI

# Declaration of DUC QUOC BUI

I, DUC QUOC BUI, hereby declare the following that:

1. I am a native of Vietnam, born on October 16, 1980 in the province of Tay Ninh. I came to the United States on April 8, 1995. I became a permanent legal resident on August 23, 1996.

2. I committed my offense on June 19, 1997 at the age of 16 and was convicted on June 11, 1998. I served 17 years and 1 month in state prison. I am now 35 years old.

3. I was released from prison on September 23, 2014 and detained by Immigration and Custom Enforcement (ICE). I have been confined for over 18 years now.

4. I was order deported back to Vietnam on October 1, 2014 by Immigration Judge Michael J. Yamaguchi. I waived my rights to appeal the deportation order because I wanted to be deported as soon as possible.

5. I was served an "INSTRUCTION SHEET TO DETAINEE REARDING REQUIREMENT TO ASSIST IN REMOVAL" and was ordered to comply with assisting ICE in the removal process on October 9, 2014.

6. I cooperated to the best of my ability by filling out two "SELF DECLARATION FORM", first one in October of 2014 and a second one on January 30, 2015, providing truthful information about my place of birth, nationality, passport number, relatives and residency in Vietnam when deported. I did not want ICE to subject me to further detention for refusing to cooperate as stated on the form.

7. I have also forwarded ICE my original passport October of 2014 to further expedite their process of obtaining my travel documents on.

8. That Mr. ISREAL HERNANDEZ, assigned as my Deportation Officer, has been supervising my custody and the execution of the removal order since my detention at Mesa Verde Detention Facility.

9. I have not receive any negative remarks or indications that Mr. HERENANDEZ was dissatisfied with my cooperation assisting ICE to obtain my travel documents. To my knowledge, Mr. HERNANDEZ has been satisfied with my cooperation.

10. I have also tried to contact the Vietnamese Embassy through correspondence and phone on several occasions in order to obtain my travel documents.

11. I have received two responses from the Consulate of Vietnam dated February 4, 2015 and May 12, 2015. In both responses by Mr. Tuan Nguyen, Head of the Consulate Office, stated that "no travel document will be considered by the Vietnamese Authority at this request for deportation."

12. On April 1, 2015 and May 1, 2015, I attempt to contact the Vietnamese Embassy again seeking assistance to obtain my travel documents. The

Vietnamese Embassy did not respond to my requests.

13. On May 5, 2015, I received an unexpected bond hearing. At the hearing, Immigration Judge Yamaguchi informed me that if I was still in ICE custody 90 days after the bond denial, I would be able to request for another bond hearing.

14. The Immigration Judge took into consideration the deteriorating conditions of my father, therefore the period to request another bond hearing was 90 days rather than the normal waiting period of 180 days.

15. With respect to the May 5, 2015 bond hearing, I did not appeal to the Board of Immigration Appeal because in my opinion, the resolution of the appeal would've have taken longer than the 90 days to apply for another bond hearing. It was also my belief at that time, that if my travel documents were available, I wouldn't have been able to leave until the appeal process was completed therefore prolonging my confinement even longer.

16. I have no legal experience in the immigration law or administrative process. I was not aware that I had to appeal the bond denial in order to exhaust administrative remedy before seeking habeas corpus relief. I made the decision base on what I knew at that time. I am only able to proceed now with the assistance of other detainees here at Mesa Verde.

17. As of the signing of this declaration, I have been waiting for 14 months to be deported. ICE have not provided or informed me of any progress by the Embassy of Vietnam in regards to the status of my travel documents.

18. I have written several times to ICE officials (Regional Office in Truxtun, Bakersfield; ICE Field Office in San Francisco, and to HQ PORU in Washington) to request for my release on supervision as permitted by 8 C.F.R. § 241.13. On all three occasions, I received similar responses that travel documents either "expected" or "pending".

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief. Executed at Mesa Verde in Bakersfield, California on November 23, 2015.

Duc Quoc Bui, A74485194

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUC QUOC BUI, A74485194<br>Petitioner<br><br>vs.<br><br>LORETTA E. LYNCH, Attorney General;<br>Respondent | Case Number:<br>1:15:-cv-01589-mjs<br><br>**PROOF OF SERVICE** |

I hereby certify that on ___November 23, 2015___, I served a copy of the attached **TRAVERSE TO RESPONDENT'S ANSWER TO HABEAS CORPUS** by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at __Mesa Verde Detention Facility__:

(List Name and Address of Each Defendant or Attorney Served)

Office of the Clerk
United Sates District Court
Eastern District of California
2500 Tulare Street, Suite 1501
Fresno, CA 93721

Benjamin B. Wagner, U.S. Attorney
Audrey B. Hemesath, Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814

I declare under penalty of perjury that the foregoing is true and correct.

_____
Duc Quoc Bui, A74485194