IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DUC QUOC BUI,**<br><br>                             Petitioner,<br><br>v.<br><br>**LORETTA LYNCH, Attorney General,**<br><br>                             Respondent. | Case No. 1:15-cv-01589 MJS (HC)<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 15)** |

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 42 U.S.C. § 2241 on October 19, 2015. Petitioner challenges his indefinite detainment by the Bureau of Immigration and Customs Enforcement ("ICE").

I.      **BACKGROUND**

Petitioner is a citizen of Vietnam. On October 1, 2014, Petitioner was ordered to be removed from the United States. He was taken into ICE custody on September 23, 2014, and asserts that he has been indefinitely detained since that date. His habeas petition asserts that his continued detention violates the doctrine stated by the United States Supreme Court in Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed.

1

2d 653 (2001).

On November 16, 2015, Respondent filed an answer to the petition. (ECF No. 11.) Petitioner filed a traverse to the answer on November 30, 2015. (ECF No. 13.) On February 2, 2016, due to changed circumstances, namely Petitioner's release from ICE custody under an order of supervision, Respondent filed a motion to dismiss the petition as moot. (ECF No. 15.) Petitioner was provided an opportunity to respond to the motion to dismiss, but failed to do so. (ECF No. 16.)

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 7-8.)

**II.     ANALYSIS**

Respondent contends that the petition for writ of habeas corpus should be denied as moot. (ECF No. 15.) Respondent presents evidence to the Court that Petitioner was released under supervision on February 1, 2016, and therefore no longer remains in ICE custody. Because a petition for habeas relief attacks issues regarding Petitioner's continued detention, this petition has become moot. The case-or-controversy requirement of Article III, § 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54, 108 L. Ed. 2d 400 (1990) (internal quotations omitted). If it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).

The relief that Petitioner requested in his habeas petition, i.e., his release from continued detention, can no longer be granted by the Court, as he has already been released from said detention. Therefore, this habeas action relating to his continued detention is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007) (holding that "there must be some remaining 'collateral consequence' that may be redressed by success on the petition" in order to continue to seek habeas corpus relief); Picrin-Peron,

930 F.2d at 775.

The United States Supreme Court has held that speculation and conjecture of future improper conduct is insufficient to defeat mootness and that the "the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." City of L.A. v. Lyons, 461 U.S. 95, 101-02, 108-09 (1983). Petitioner has not argued that there is a real or immediate threat of injury of continued custody by Respondent. Petitioner's habeas petition alleging that his detention was unauthorized and unconstitutional is now moot. See Kaur v. Holder, 561 F.3d 957, 959 (9th Cir. 2009); Abdala, 488 F.3d at 1064-65.

### III. CONCLUSION

The Petition for Writ of Habeas Corpus is moot because the petition challenges only the legitimacy of Petitioner's continued detention. Petitioner has been released from custody and is no longer detained. There is no existing case or controversy over which this Court may exercise jurisdiction. Accordingly the case is moot and the petition must be dismissed.

### IV. ORDER

IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss is GRANTED (Doc. 15.);
2. The Petition for Writ of Habeas Corpus is DISMISSED;
3. All pending motions are DENIED as moot (Docs. 2, 14.); and
4. The Clerk is directed to close the case.[1]

IT IS SO ORDERED.

Dated: March 15, 2016        /s/ *Michael J. Seng*
                                                       UNITED STATES MAGISTRATE JUDGE

---

[1] Because Petitioner is a federal detainee bringing a legitimate § 2241 petition, a certificate of appealability is not required. Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008).

3